16-2200(L)
NLRB v. Ace Masonry Inc., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

NATIONAL LABOR RELATIONS BOARD,
         Petitioner/Cross-Respondent,

         -v.-                                    16-2200
                                                 16-2705

ACE MASONRY INC., d/b/a ACE UNLIMITED,
and BELLA MASONRY, LLC, a single
member employer and alter egos, and
LISA BELLAVIGNA, ROBERT BELLAVIGNA,
and HENRY BELLAVIGNA, DOMENICK
BELLAVIGNA and BELLA FURNITURE
SOLUTIONS, INC,
         Respondents/Cross-
         Petitioner.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR PETITIONER:**     MARCI J. FINKELSTEIN (Usha Dheenan, Richard F. Griffin, Jr., Jennifer Abruzzo, John H. Ferguson, Linda Dreeben, on the brief), National Labor Relations Board, New York, New York.

**FOR RESPONDENTS:**     JASON B. BAILEY, Sheats & Bailey, PLLC, Brewerton, New York.

Petition to enforce an order of the National Labor Relations Board and cross-petition for review by respondents.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the National Labor Relations Board's petition for enforcement be **GRANTED,** and that respondents' cross-petition for review be **DENIED.**

The National Labor Relations Board (the "Board") petitions, pursuant to 29 U.S.C. § 160, to enforce an order that the respondents be jointly and severally liable for various payments to individual employees and labor unions. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm for the reasons set forth below.

Respondent Ace Masonry Inc. ("Ace") was a general contractor in the construction industry that had collective bargaining agreements with several unions. In part to avoid

2

obligations under those CBAs, the principals of Ace and their family members created a new entity called Bella Masonry LLC ("Bella") with substantially similar ownership, management, supervision, business purposes, operations, customers, projects, and equipment. The NLRB found that Ace and Bella were alter egos, and that Ace and Bella together owed money to various employees and unions under the CBAs. The Second Circuit summarily enforced the Board's order.

Ace and Bella were both controlled by members of the Bellavigna family. In a subsequent proceeding, the Board pierced Ace/Bella's corporate veil and held that various members of the Bellavigna family were jointly and severally liable for the $140,082.16 due to unions and employees under the CBAs, primarily because several members of the family personally appropriated the companies' funds in an effort to evade those obligations under the CBAs. Three members of the Bellavigna family--Lisa, Robert, and Domenick--contest their personal liability.[1]

Lisa Bellavigna made several cash withdrawals from Ace's bank accounts, each withdrawal close to, but slightly under, $10,000. She admitted she did so with the intent to

---

[1] The Board is entitled to summary enforcement of those portions of its order the Bellavignas do not contest. NLRB v. Consol. Bus Transit, Inc., 577 F.3d 467, 474 n.2 (2d Cir. 2009).

evade benefit payments due to Ace employees, but she argues that the withdrawals were in fact required by Section 71 of New York's Lien Law, which mandates prioritization of payments to subcontractors. As the ALJ and the Board concluded, however, Lisa failed to provide any evidence that she used the withdrawn funds to pay subcontractors. Indeed, she testified that she did not know where the funds had gone. Moreover, and in any event, Lisa fails to cite any authority indicating that a state law obligation to pay contractors relieves her of an independent *federal* obligation to pay employee back wages and union contributions. Cf. Interworks Sys. Inc. v. Merchant Fin. Corp., 604 F.3d 692, 702 (2d Cir. 2010) (concluding that obligations imposed by Lien Law were not in conflict with federal tax obligation). We need not here decide what priorites might be assigned these obligations in other contexts.

Robert Bellavigna does not contest the Board's ability to pierce the corporate veil when a member of the family that controls the corporation plays an active role in corporate management and in the underlying misconduct; but he argues that the Board's factual findings on those points were incorrect because his participation was solely attributable to Lisa Bellavigna. See SRC Painting, LLC, 346

4

NLRB 707, 708 (2006) (concluding that family member's mere "passive receipt" of commingled property does not alone suffice for showing of veil-piercing). We review factual findings under a "substantial evidence" standard. 29 U.S.C. § 160(e). Ample evidence supported the Board's finding that Robert was involved in both the operations of the companies and their misconduct, and we therefore reject the challenge to his personal liability. See A.J. Mechanical, 352 NLRB 874 (2008) (piercing a corporate veil as to owner's spouse, who although not formally employed by corporation, could jointly authorize checks, jointly extended credit, and performed clerical duties).

Finally, Domenick Bellavigna argues that he should not have been held personally liable under a fraudulent conveyance theory because his due process rights were violated. Except in "extraordinary circumstances," respondents may only appeal issues that were previously "urged before the Board." 29 U.S.C. § 160(e). The alleged denial of due process is not an "extraordinary circumstance" sufficient to excuse his failure to raise the issue via a motion for rehearing: "Even when the Board itself raises and decides an issue *sua sponte*, an objection must be filed with the Board to preserve the issue for a reviewing court." N.L.R.B. v. Ferguson Elec. Co., 242 F.3d 426, 435 (2d Cir.

5

2001); see also International Ladies' Garment Workers' Union v. Quality Mfg. Co., 420 U.S. 276, 281 n.3 (1975) (applying same principal to forfeiture of procedural due process claim). We therefore also reject the unpreserved due process challenge to Domenick's personal liability.

For the foregoing reasons, and finding no merit in the respondents' other arguments, we hereby **GRANT** the NLRB's petition and **DENY** respondents' cross-petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6